MAY 20 2024 PM3:06
FILED - USDC - FLMD - ORL

Donald Brennan Jr.
52 Bowline Street
Beachwood, New Jersey 08722
732 674 3884

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| DONALD BRENNAN JR., ] | Case No. 6:24-CV-195-PGB-EJK |
| Plaintiff, ] | |
| Vs. ] | |
| 1. COUNTY OF BREVARD, Florida ] | **CIVIL RIGHTS CASE FOR DAMAGES** |
| 2725 Judge Fran Jamieson Way ] | |
| Viera, Florida, 32940 ] | For deprivation of Constitutional Rights under color of authority and color of law under 42 U.S.C. § 1983; Title 28 U.S.C. § 1331, § 1343(a)(3); title 18 U.S.C. § 241 § 242. |
| 2. WAYNE IVEY, ] | |
| BREVARD COUNTY SHERIFF ] | |
| In his official capacity ] | |
| Agency, 700 Park Avenue ] | |
| Titusville, Florida 32780 ] | **FIRST AMENDED COMPLAINT** |
| 3. BRADLEY HACKETT, a BREVARD ] | **Pursuant to Federal Rules of Civil Procedure Rule 15(a)(1)(B)** *Amending as a Matter of Course* |
| COUNTY sheriff deputy in his official ] | |
| and individual capacity. ] | |

1

## INTRODUCTION

COMES NOW, Donald Brennan Jr., one of the sovereign people of the union state of New Jersey, within the town of Beachwood, herein referred to as Plaintiff. Plaintiff is seeking help from this honorable court under title 42 U.S.C. §1983, to protect Plaintiff's rights and to correct the wrongs inflicted upon Plaintiff by the Defendants, Bradley Hackett, a Brevard County Sheriff deputy,  BREVARD COUNTY SHERIFFS OFFICE and COUNTY OF BREVARD, FLORIDA.

*"The words people of the United States and citizen are synonymous terms, and mean the Same thing. They are what we familiarly call the "sovereign people" and every citizen is one of this people, and a constituent member of this sovereignty."*
***Scott vs Sanford***, *60 U.S. 393, (1856)*

*"We the people of the State of Florida, being grateful to Almighty God for our constitutional liberty, in order to secure its benefits, perfect government, insure domestic tranquility, maintain public order, and guarantee equal civil and political rights to all, do ordain and establish this Constitution."*
*SECTION 2. All natural persons, female and male alike, are equal before the law and have inalienable rights, among which are the right to enjoy and defend life and liberty, to pursue happiness,...*
*SECTION 9. No person shall be deprived of life, liberty or property without due process of law,...*
*SECTION 12. The right of the people to be secure in their persons, papers and effects against unreasonable searches and seizures, and against unreasonable interception of private communication by any means, shall not be violated. No warrant shall be issue except upon probable cause, supported by affidavit,..*
*SECTION 16. In all criminal prosecutions the accused shall, upon demand, be informed of the nature and cause of the accusation, and shall be furnished a copy of the charges, or both,...*
*(1)  The right to due process and to be treated with fairness and respect for the victim's dignity.*
*(2)  The right to be free from intimidation, harassment, and abuse.*

*SECTION 18. No administrative agency, ... shall impose a sentence of imprisonment, nor shall it impose any other penalty except as provided by law.*
*SECTION 23. Every natural person has the right to be let alone and free from government intrusion into the person's private life.*
***CONSTITUTION OF THE STATE OF FLORIDA. ARTICLE I DECLARATION OF RIGHTS.***

## PLAINTIFF

2

1. At all times material to this lawsuit Plaintiff, Donald Brennan Jr., was a citizen of the State of New Jersey and a citizen of The United States of America, currently residing at 52 Bowline Street, Beachwood, New Jersey 08722 Telephone number 732 674 3884

### DEFENDANTS

2. At all times material to this lawsuit Defendant, BRADLEY HACKETT, was a BREVARD COUNTY Sheriff Deputy, with a working address of 700 Park Avenue, Titusville, Florida 32780.  Home address of 562 N. Wickham Rd. Unit 223, Melbourne, Florida 32935.  HACKETT acted toward Plaintiff, under color of law, statute, ordnances, regulations, practices, customs, policies and usage within the scope of his employment, he is sued in his official and individual capacity.

3. At all times material to this lawsuit Defendant, WAYNE IVEY, the BREVARD COUNTY SHERIFF, was the elected sheriff of the COUNTY of BREVARD, FLORIDA   with an address of 700 Park Avenue, Titusville, Florida 32780.  BREVARD COUNTY SHERIFF OFFICE acted toward Plaintiff under color of law, statute, ordinance, regulations, practices, policies, customs, and usage within the scope of being a political subdivision and a creature of the State. He is sued in his official capacity.

4. At all times material to this lawsuit Defendant, COUNTY OF BREVARD, FLORIDA, was a political subdivision of the STATE OF FLORIDA   with an address of 2725 Judge Fran Jamieson Way, Viera, Florida 32940. COUNTY OF BREVARD, Florida, acted toward Plaintiff, under color of statute, ordinance, regulations, practices, customs, policies and usage of the STATE OF FLORIDA within the scope of being a body corporate and politic under Home Rule Charter granted by the Constitution and laws of the State of Florida.

### JURISDICTION AND VENUE

### Diversity of Citizenship Jurisdiction

5. This is an action at law to redress the deprivation under color of authority, statute, ordinance, regulation, custom or usage of a right, privilege and immunity secured to plaintiff by the Fourth, Fifth, Sixth and Fourteenth Amendments of the Constitution of the United States of America, title 42 U.S.C. Sec. 1983 and arising under the law and statutes of the State of Florida and 18 U.S.C. 241 and 242

6. The jurisdiction of this court is invoked under 28 U.S.C Sec. 1343 (3), this being an action at law to redress the deprivation under color of state law, statute, ordinance, regulation, custom and usage of a right, privilege and immunity secured to Plaintiff by the Fourth,

3

Fifth, Sixth and Fourteenth Amendments of the Constitution of the United States, because it seeks to recover damages and secure equitable relief under an Act of Congress, specifically, title 42 U.S.C. 1983 which provides a cause of action for protecting civil and constitutional rights.

7.     This Court has subject matter jurisdiction over this case under title 28 U.S.C. § 1331, as this action arises under the violation of the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

8.     Venue is proper in this Court under title 28 U.S.C. sec. 1391 as it is the judicial district in which all events giving rise to this action occurred.
At all times mentioned in this Complaint, Plaintiff was and is a citizen of the United States residing within the State of New Jersey. Diversity of citizenship jurisdiction applies.

9.     At all times mentioned herein, Defendant, WAYNE IVEY, the elected BREVARD COUNTY SHERIFF was an agency of the COUNTY OF BREVARD, Florida and the Defendant COUNTY OF BREVARD, Florida was a political subdivision of the State of Florida.

10.    At all times mentioned herein, Bradley Hackett was duly appointed, employed and acting as a BREVARD COUNTY sheriff deputy, acting as such under color of law and by virtue of said office.

<u>**PRELIMINARY STATEMENT OF FACTS**</u>

11.    On January 28, 2023, at approximately 11 P.M. Plaintiff entered the driveway of Plaintiff's friend.

12.    Deputy Bradley Hackett pulled his police cruiser blocking driveway behind Plaintiffs car.

13.    Defendant HACKETT, then engaged his emergency lights and exited his cruiser and informed Plaintiff that he had a head lamp out.

14.    Plaintiff replied, "thank you" and informed Deputy Hackett that he had just been made aware and purchased a replacement.

4

15.     Defendant HACKETT asked Plaintiff for his license to which Plaintiff informed HACKETT, that he did not possess any identification on his person. Plaintiff, provided HACKETT, with his full name and birth date.

16.     Another deputy arrives on scene. Doe #1.  Defendant HACKETT exited his cruiser and demanded that Plaintiff give him his correct name and birthdate which Plaintiff had done the first instance.

17.     Defendant HACKET returned to his cruiser and re-exited proclaiming that nothing is coming up on Plaintiff. No warrants! nothing!  Hackett became increasingly angry with Plaintiff, demanding he tell him his name.

18.     Plaintiff was traveling in a car registered to his wife, Sandra Brennan. It appears Deputy Hackett lacked the intellectual capacity to deduce that Plaintiffs name is Brennan and the automobile is registered under the name Sandra Brennan.

19.     Plaintiff demanded that the two Deputies on scene call for a supervisor.

20.     The supervisor, officer, Doe #2, arrives on scene and becomes increasingly aggressive with Plaintiffs, 60-year-old 110 lb. lady friend, and calls Plaintiff a "sovereign citizen."

21.     Supervising officer, Doe # 2 Knew or should have known Fla. Stat 322.15(2) and its procedure, requiring a fingerprint on citation if no ID is presented, and the probable cause requirement to commence with arrest.

22.     Defendant HACKETT and the first arriving officer grabbed Plaintiff by his arms without probable cause or justification initiating assault and battery.

23.     Defendant HACKETT and his cohort handcuffed Plaintiff and put him in the back seat of Hackett's cruiser with the windows rolled up and no air conditioning.  HACKETT had zero regard for Plaintiffs health, safety and well- being.

24.     Plaintiff suffers from extreme carpal tunnel syndrome. Plaintiff pleaded with Defendant HACKETT to loosen the handcuffs because Plaintiff was in excruciating pain. HACKETT continually ignored plaintiffs' pleas for relief.  See exhibit A

25.     Plaintiff, still had not been charged of a crime, issued a citation or read his Miranda Rights.

5

26.     Upon entering the sally port at the county jail, Defendant HACKETT parked his cruiser then proceeded to engage his computer, despite the continual pleas of Plaintiff to please let him out of the car, where he was sitting on his hands for almost an hour at this point and was in excruciating pain.

27.     Plaintiff then notices his 60-year-old lady friends face and pertinent information appear on Hackett's computer screen. To which Plaintiff replied, "why are you doing a warrantless search of my friend"?  To which Hackett acted nervous and jerky and started fumbling to exit the screen.

28.   Defendant HACKETT lacked probable cause to do a warrantless search on a 110lb. 60-year-old woman who had done not a single thing wrong or broken any laws.

29.   The plaintiff was then brought into the Brevard County jail in receiving and had still not been told what exactly he was arrested for despite the multiple inquiries.  Plaintiff, continually pleaded with Defendant HACKETT to loosen the handcuffs to no avail.

30.     No charges were issued by Defendant HACKETT to Plaintiff

31.     When Defendant Hackett appeared to be finished with his so-called report, he stated that Plaintiff was being arrested for non- violent resisting arrest.

32.     Plaintiff would contend that an arrestable offence would be the prerequisite to a non- violent resisting arrest.

33.   Plaintiff was falsely incarcerated for 27 hours in the BREVARD COUNTY JAIL and made to wear a prison uniform reeking of urine.

> **WHEREFORE** plaintiff demands judgement against Defendants, BRADLEY HACKETT, WAYNE IVEY of the BREVARD COUNTY SHERIFF OFFICE, and COUNTY OF BREVARD, FLORIDA for actual damages, punitive damages, a reasonable attorneys fee, the cost of this action, and all other just and proper relief.

## **CAUSE OF ACTION'S**

6

## COUNT I,  VIOLATION OF STATE LAWS
## AND STATE CONSTITUTIONAL INFRINGMENTS
### Violation for Deprivation of Rights under
### Color of Law  – 18 U.S.C. § 241, 242

34.   No state, county or city statute or ordinance authorizes the arrest of a person for a faulty head lamp or for not having identification or producing a driver's license. However, Florida Statute Chapter 322.15 (2) provides procedure for such an incident.

> FL Stat 322.15 (2) *upon the failure of any person to display a drivers License as required by subsection (1), the law enforcement officer or authorized representative of the department stopping the person shall require then person to imprint his or her fingerprints, upon a citation issued by the officer or authorized representative, or the officer or authorized representative shall collect the fingerprints electronically.*
>
> *"Under Terry, a police officer may detain an individual without probable cause when The officer has reasonable suspicion based on specific, articulable facts, that criminal Activity is afoot."  Terry v. Ohio, 392 U.S. 1 Supreme  Crt. (1968)*

35.   At no time did Defendant Hackett have reasonable suspicion based on specific, articulable facts to establish probable cause to initiate prolonged detainment or arrest and incarceration.

36. Defendant Hackett failed to observe the lawfully promulgated law, codified under Florida Statute 322.15(2) when he failed to adhere to the prescribed lawful instruction.

37. Defendant HACKETT grabbed and handcuffed Plaintiff committing a 'Battery' offense under FL. Stat. 784.03 (1)(a) 1. By intentionally touching Plaintiff against his will. 2. By intentionally causing bodily harm to Plaintiff by touching, threatening, intimidating and handcuffing, with maximum tightness, Plaintiff's hands behind his back for an extensive period of time and was made to sit on his hands, that were in excruciating pain despite the FACT that HACKETT'S investigation and warrantless searches revealed no information that would produce probable cause to initiate prolonged detention or arrest.

> *"An illegal arrest is an assault and battery. The person so attempted to be restrained of his liberty has the same right, and only the same right, to use force in defending, himself as he would have in repelling any other assault and battery.  State v Robinson, 72 Atl. 2d 262 (1950)*

38.    The actions of Defendants HACKETT and IVEY, of the Brevard County Sheriffs

Department, constitute a "kidnapping" as defined in FL. Stat. 787.01(1)(a):

*term "kidnapping" means forcibly, secretly, or by threat confining, abducting, or imprisoning another person against her or his will and without lawful authority, with intent to: 3. Inflict bodily harm upon or to terrorize the victim or another person.*

39.   This action performed by Defendants HACKET and IVEY deprived Plaintiffs of State Constitutional rights under Section 2, and 9 when Plaintiff was deprived of his life, liberty, property and pursuit of happiness, without justification, probable cause or the due process of the law while he was seized unlawfully.

40.   Defendants deprived Plaintiff of his Florida State Constitutional Rights under Sections 2, 9 and 12 when Plaintiff was, forcibly, by threat, searched, confined, abducted and imprisoned against his will without lawful authority constituting a deprivation of his life, liberty, property and happiness and to be secure in his persons, papers and affects.

41 During the time he was under arrest, Plaintiff:

A.   Was never informed of the nature and cause of his arrest pursuant to Florida State Constitution Section 16(1)(2)

B.   Was never charged with a crime;

C.   Was never informed of his rights to advice of an attorney pursuant to Florida Statute 901.24

D.   Was never provided with a verified arrest warrant pursuant to Florida State Constitution Section 12

E.   Was not permitted to contact his attorney, his family, or his friends, and thereby inform them of his whereabouts, the circumstances of his imprisonment, and thereby obtain counsel and advice;

F.   Was not given the required warning that any statement made could and would be used against him in any criminal proceeding;

G.   Was seized in his liberty and person in violation of Florida State Constitutional protections under Sections 2,9,12.

H.   Was never afforded due process of law, treated with fairness and respect. Instead Plaintiff was intimidated, harassed and abused through forced intrusion into Plaintiffs private life in violation of Florida State Constitution Section 16,(1)(2), 23

39.   Instead, Plaintiff was detained and imprisoned by Defendants HACKET AND WAYNE IVEY of the BREVARD COUNTY SHERIFF'S OFFICE, acting within the scope of their employment as BREVARD COUNTY sheriff and deputy sheriff acting for the BREVARD COUNTY SHERIFFS OFFICE, an agency of COUNTY OF BREVARD, Florida without reasonable suspicion, probable cause, lawful authority or any apparent justification in violation of Florida State Constitution Section 18.

40.   Plaintiff spent approximately 27 hours detained and imprisoned in BREVARD COUNTY CORRECTIONAL FACILITY wearing a prison uniform reeking of urine.

41.   The plaintiff was not charged with a crime, was not provided any primary pleadings that would inform the Plaintiff as to the nature and cause.  Was given Three citations for (1) driving with a head lamp out, (2) person willfully refusing to accept and sign citation to which at no time was Plaintiff offered these citations until after being detained, arrested and signed into county jail and (3) no license in possession.  All three citations were presented after Plaintiff was booked into BREVARD COUNTY JAIL. To date, May 10, 2024, no summons to appear and no primary pleading that would initiate a case have been issued to the Plaintiff.

42.   No city, county or state statute, ordinance, law or rule authorizes the imprisonment of a person who has been issued a citation for faulty head lamp, no identification or refusal to sign a citation that was never offered for signature at any time prior to incarceration.

43.   The above actions and/or omissions of Defendants, were so grossly negligent as to amount to a deliberate indifference to, or deprivation of Plaintiff's, Constitutional Rights.

44.   As a direct and proximate result of these events, plaintiff suffered great bodily pain and injury and mental and emotional anguish, from then until now and beyond; Plaintiff has

also been greatly humiliated and has suffered an impairment of reputation as a result of the foregoing acts of Defendants.

> **WHEREFORE,** plaintiff demands judgement against BRADLEY HACKETT, and WAYNE IVEY of the BREVARD COUNTY SHERIFF'S OFFICE Jointly and severally for actual damages, punitive damages, a reasonable attorney's fee, the costs of this action and all other just and proper relief.

### COUNT II  MALICIOUS PROSECUTION

**Violation for Deprivation of Rights while acting
under Color of Law 42: U.S.C. § 1983 – title 18: U.S.C. § 241, 242**

45.    This is a cause of action for malicious prosecution.

46.     The aforesaid arrest of Plaintiff was done under color of law with a total and complete want of probable cause and lack of authority.

47.     The aforesaid arrest commenced by Defendants BRADLEY HACKETT and WAYNE IVEY of the BREVARD COUNTY SHERIFF'S OFFICE, either with actual malice or with a reckless and wanton disregard of plaintiff's constitutional rights and was the legal cause of this dispute.

48.     At all times material hereto, Defendants, BRADLEY HACKETT and WAYNE IVEY were acting within the scope of their employment for, BREVARD COUNTY SHERIFF OFFICE, a political subdivision of COUNTY OF BREVARD, FLORIDA.

49. The detainment, arrest and incarceration of Plaintiff was a direct and proximate result of Defendants abuse of the legal process and was so egregious as to the deprivation of Plaintiffs Constitutional Rights.

50.     Defendant HACKETT and IVEY created a false pretense to initiate a criminal action where one did not exist.

51. As a direct and proximate result of these alleged events, Plaintiff suffered great bodily pain and injury and mental anguish from then until now and beyond, Plaintiff has also been

greatly humiliated and has suffered an impairment of reputation as a result of the foregoing acts of Defendants actionable under 42 U.S.C. § 1983 and 18 U.S.C. §241, § 242

52. To date Plaintiff has not been served proper service pursuant to Florida Statute 901.10 which refers to Florida Statute 48.031 which would deprive the county court of in-personam. Jurisdiction. Plaintiff has not been notified of the nature and cause of any crime nor presented with any primary pleading from the quasi- criminal court.  Probable cause has not been established upon evidence or facts therefore depriving the court of subject matter jurisdiction. Without jurisdiction there is no case.

**WHEREFORE,** Plaintiff demands judgement against BRADLEY HACKETT and WAYNE IVEY of the BREVARD COUNTY SHERIFFS OFFICE, Jointly and severally for actual damages, punitive damages, a reasonable attorneys fee, the cost of this action and all other just and proper relief.

## COUNT III, FALSE IMPRISONMENT

### Violations for Deprivation of Rights Under Color of Law
### 42 U.S.C. § 1983 – 18 U.S.C. § 241, 242

53.    This is an action for false imprisonment.

*The only thing the plaintiff needs to plead to prove is either (1) that the defendant made an arrest or imprisonment, or (2) that the defendant affirmatively instigated, encouraged, incited, or caused the arrest or imprisonment. **Burlington v. Josephson,** 153 Fed. 2d 372,276 (1946)*

*Any arrest made without a warrant, if challenged by the defendant, is presumptively invalid …the burden is upon the state to justify it as authorized by statute, and as not violative of constitutional provisions. **State v. Mastrian,** 171 N.W. 2d 695 (1969); **Butler v. State,** 212 So. 2d 577 (Miss 1968)*

*The burden is upon the defendant to show that the arrest was by authority of law. **McAleer v. Good,** 65 Atl. 934,935 (1907)*

   Fl. Stat. 787.02 (1)(a) Provides:
The term "False Imprisonment" means forcibly, by threat, or secretly confining, abducting, imprisoning, or restraining another person without lawful authority and against his will.

54.    The arrest and imprisonment of Plaintiff was done with an intentional and wanton disregard of Plaintiffs secured Rights and total and complete want of probable cause and lack of lawful authority and exhibiting intentional misconduct by Defendants.

55.    The detention of Plaintiff at the BREVARD COUNTY JAIL by BRADLEY HACKETT and WAYNE IVEY of the BREVARD COUNTY SHERIFF'S OFFICE was done either with actual malice or with a reckless and wanton disregard of Plaintiff's Rights.

56.    At all times material hereto, HACKETT and IVEY were acting within the scope of their employment as Sheriff and Deputy OF BREVARD COUNTY SHERIFF'S OFFICE.

57.    Defendant's actions of seizing, arresting and imprisoning Plaintiff were unlawful, unreasonable and malicious.

58.    During the time he was under arrest, Plaintiff:

    A. Was never informed of the nature and cause of his imprisonment in violation of Florida Constitution 16(1)(2)

    B. Was never charged with a crime;

    C. Was never informed of his rights to advice of an attorney pursuant to Florida Statute 901.24

    D. Was never provided with a verified arrest warrant pursuant to Florida Constitution Section 12 and Florida Statute 901.15

    E. Was not permitted to contact his attorney, his family, or his friends, and thereby inform them of his whereabouts, the circumstances of his imprisonment, and thereby obtain counsel and advice;

    F. Was not given the required warning that any statement made could and would be used against him in any criminal proceedings;

    G. Was seized in his liberty in violation of Florida Constitution Section 2,9 and 12

    H. Was never afforded due process of law required to detain, arrest and imprison a citizen of the United States.

*"The essential elements of a cause of action for false imprisonment include: (1) the unlawful detention and deprivation of liberty of a person; (2) against that person's will; (3) without legal authority or color of authority; and (4) which is unreasonable and unwarranted under the circumstances. Mathis v. Coats, 24 So. 3d 1284 Fla: Dist. Court of appeals, 2nd Dist. (2010).*

*"In Wallace, the Supreme Court held that a claim for false arrest/false imprisonment accrues when the victim becomes held pursuant to legal process. "for example, [when] he is bound over by a magistrate or arraigned on charges."  Wallace v. Kato, 549 U.S. 384 Supreme Crt. (2007)*

59.   As a direct and proximate result of these events, Plaintiff suffered great bodily pain and injury and mental and emotional anguish, from then until now and beyond; Plaintiff has also been greatly humiliated and has suffered an impairment of reputation as a result of the foregoing acts of Defendants actionable under 42 U.S.C. §1983, and 18 U.S.C. §241, §242

> **WHEREFORE,** Plaintiff demands judgement against Defendants BRADLEY HACKETT, and WAYNE IVEY OF the BREVARD COUNTY SHERIFFS' OFFICE, jointly and severally for actual damages, punitive damages, a reasonable attorneys fee, the cost of this action and all other just and proper relief.

### COUNT IV

### FOURTH AMENDMENT VIOLATIONS

**Violations for Deprivation of Rights under
Color of Law 42 U.S.C. § 1983 – title 18 U.S.C. § 241, 242**

60.   This cause of action for deprivation of rights under 42 U.S.C. 1983 is brought by Plaintiff, Donald Brennan Jr.  against Defendants WAYNE IVEY of the BREVARD COUNTY SHERIFF'S OFFICE and its named employee, BRADLEY HACKETT for their color of law action and unconstitutional infringements acting with an intentional wanton disregard for Plaintiff's

unalienable constitutional rights guaranteed by the United States Constitution within the meaning of title 42 U.S.C. 1983

> *A Fourth Amendment seizure occurs when there is a government termination of freedom of movement through means intentionally applied. **Brower v County of Inyo, 489 U.S. 593 Supreme Court. (1997).***

61. Defendants HACKETT and IVEY of the BREVARD COUNTY SHERIFFS OFFICE, acted with a total and complete want of probable cause, and subsequent arrest and incarceration is a violation of the Fourth Amendment right against unreasonable search and seizure of persons.

> *"A warrantless arrest by a law officer is reasonable under the Fourth Amendment where there is probable cause to believe that a criminal offense has been or is being committed. In determining whether there was probable cause to arrest, an arresting officer's subjective conclusions are irrelevant."*
> ***Devenpeck v. Alford, 543 U.S. 146 Supreme Crt. (2004)***
>
> *"Whether [the] arrest was constitutionally valid depends upon whether, at the moment the arrest was made, the officers had probable cause to make it.*
> ***Beck v. Ohio, 379 U.S. 89  Supreme Crt. (1964).***
>
> *"Under the Fourth Amendment the standard of probable cause applie [s] to all arrests, without the need to "balance" the interests and circumstances involved in particular situations."*
> ***Dunaway v. New York, 442 U.S. 200  Supreme Crt. (1979).***

62.   It is a fact that BRADLEY HACKETT, was duly appointed, employed and acting as BREVARD COUNTY sheriff deputy on January 28, 2023, under the employment and supervision of Defendant WAYNE IVEY of the BREVARD COUNTY SHERIFF'S OFFICE and Defendants COUNTY OF BREVARD FLORIDA.

63. It is a fact that WAYNE IVEY, was duly appointed, employed and acting BREVARD COUNTY Sheriff on January 28, 2023 .

64.   It is a fact that Defendant's willful and wanton disregard for Plaintiffs safety, health, welfare and rights while acting under the color of law, statute, ordinance, regulation, custom or usage, have caused Plaintiff great bodily harm, pain and suffering, mental and emotional anguish, personal humiliation and an impairment of reputation.

65.   It is a fact that the actions, policies, practices and customs of all Defendants herein are the direct causation of the deprivation of Plaintiffs Fourth Amendment rights, caused great

bodily injury, pain and suffering, mental and emotional anguish, humiliation and an impairment of reputation., from then until now and beyond.

WHEREFORE, Plaintiff demands Judgment against Defendants. BRADLEY HACKETT, and WAYNE IVEY of the BREVARD COUNTY SHERIFF' OFFICE, jointly and severally for actual damages, and punitive damages, a reasonable attorneys fee, the cost of this action and all other just and proper relief.

## COUNT V

## FIFTH, SIXTH and FOURTEENTH AMENDMENT VIOLATIONS

### Violation for Deprivation of Rights under
### Color of Law 42 U.S.C. § 1983- title 18 U.S.C. § 241, 242

66.   Plaintiff, a citizen of the United States of America has protected rights under the U.S. Constitution Fifth, Sixth and Fourteenth Amendment that guarantees to all people the freedom from unreasonable seizures, equal protection under the law, nor to be deprived of life liberty and property without Due Process of Law.

67.   At no time was the Plaintiff informed of his protected Rights.

68. During Plaintiffs detention he:

    A.  Was never informed of the nature and cause of his detention pursuant to U.S. Constitution Amendment Six and Florida Constitution 16(1)(2);

    B.  Was never charged with a crime;

    C.  Was never informed of his right to advice of an attorney pursuant to Florida Statute 901.24;

    D.  Was never provided with a verified arrest warrant pursuant to Florida Constitution Section 12 and Florida Statute 9012.15;

    E.  Was not permitted to contact his attorney, his family, or his friends, and thereby inform them of his whereabouts, the circumstances of his imprisonment, and thereby obtain counsel and advice;

15

F.  Was not given the required warning that any statement made could and would be used against him in any criminal proceeding;

G.  Was not informed of any formal charges that were to be placed against him by the BREVARD COUNTY SHERIFF'S OFFICE or the COUNTY OF BREVARD FLORIDA or by any other person or persons.

H.  Was seized in his liberty without due process of law when the Defendants decided to detain, arrest and incarcerate the Plaintiff without lawful authority in violation of Plaintiffs Fifth and Fourteenth Amendment Rights.

*"Where rights are acquired by a citizen under the existing law, there is no power in any branch of government to take them away, but by due process of law. The purpose of this clause is to exclude arbitrary power from every branch of the government. It has been asserted that the guaranty should be enforced even against persons assuming to act under the authority of the government." United States v. Lee, 106 US 196, 27 L. Ed 171, 1 S Ct 240*

*"*

*Procedural due process imposes constraints on governmental decisions which deprive individuals of "liberty or "property" interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment." Mathews v. Eldridge, 424 U.S. 319 Supreme Crt. (1976)*

*"Justice Benjamin Cardozo described substantive due process rights as part of "the very essence of a scheme of orderly liberty" and inseparably entwined with" a principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental". Palko v. Connecticut, 302 U.S. 319  Supreme Crt. (1937)*

69.  It is a fact that Defendants, by depriving Plaintiff of his right to liberty for an alleged traffic violation for which Florida State Motor Vehicle Code provides specific procedure, *Fl.Stat. 322.15(2)* which do not include detention, arrest or incarceration absent due process of law, therefore, deprived Plaintiff of Due Process of law and Equal Protection Under the Law secured by the Fifth, and Fourteenth Amendment to the United States Constitution and is actionable and within the scope of  42 U.S.C. §1983

> **WHEREFORE**, Plaintiff demands judgement against Defendants. BRADLEY HACKETT and WAYNE IVEY of the BRFEVAD COUNTY SHERIFF'S OFFICE and for actual damages, punitive damages, a reasonable attorneys fee, the cost of this action and all other just and proper relief.

**COUNT VI**
**SIXTH AMENDMENT VIOLATIONS:**
**Violations for Deprivation of Rights under**
**Color of Law 42 U.S.C. § 1983 – 18 U.S.C. § 241,242**

70.     Plaintiff had come to a complete stop in a driveway of Plaintiffs friend's house when Defendant HACKETT pulled his vehicle behind Plaintiff, and initiated his emergency lights.

71.     Defendant HACKETT at no time informed Plaintiff of the nature and cause of the accusation of his arrest, nor was afforded the assistance of counsel.

72.     Defendant HACKETT detained, assaulted, harassed, intimidated, humiliated, caused emotional and mental distress, bodily harm, impairment of reputation and unlawful incarceration to Plaintiff, without legal authority or justifiable cause, with a total and complete want of probable cause and lacking an arrest warrant, exhibiting a reckless or wanting in care that constituted a conscious disregard or indifference to the life, safety and rights of the Plaintiff all for traveling with a head lamp out, **AFTER the vehicle was parked in a driveway**, therefore, presenting no detriment to the health, safety and welfare of the public as per the entire gamut of the police powers.

73.      When Plaintiff pulled into the driveway, shut the engine off and exited the vehicle to proceed to the front door of the premises, Defendant Hackett should have continued on his way simply because the detriment to the health safety and welfare of the public was not in play.

74.     The action of Defendant HACKETT denying Plaintiff the nature and cause of his arrest and the right to counsel for his defense, has caused a deprivation of Plaintiff's Sixth Amendment Right.

75.      The actions of Defendants WAYNE IVEY of the BREVARD COUNTY SHERIFF'S OFFICE and his failure to supervise and to properly train his subordinate deputy employees is a direct contribution to the loss and damage of the Plaintiff.

76.      Issuing traffic violations to out of state citizens, for simple infractions for an inoperable head lamp is an egregious abuse of the police power. A faulty headlight with an operable

amber running light fixed under the headlight poses no detriment to the health, safety and welfare of the citizenry. Neither do motorcycles that operate with only one head light.

77.     Defendant Hackett and any reasonably intelligent person understands the imposition of arguing a case for any out of state violation, for instance, an unlawful imprisonment would be cumbersome, inconvenient, stressful, burdensome and costly to the Plaintiff to bring action and litigate the matter. Defendant's actions exhibit a gross injustice and deprivation without regard for the law or Plaintiffs Constitutionally protected rights.

**WHEREFORE,** Plaintiff demands judgement against Defendants, BRADLEY HACKETT, and WAYNE IVEY of the BREVARD COUNTY SHERIFF'S OFFICE,  for actual damages, punitive damages, a reasonable attorneys fee, the cost of this action, and all just and proper relief.

## COUNT VII
## INTENTIONAL INFLICTION OF EMOTIONAL STRESS

78.     Defendants knew or should have known that the intentional seizing of Plaintiffs liberty the assault, battery, arrest and incarceration of Plaintiff for a non-arrestable traffic infraction is conduct unbecoming a public servant and utterly outrageous.

79.     Plaintiff is a New Jersey resident owns a masonry contracting business for 40 years and has an outstanding reputation.

80.     Anyone can now do an internet search on the Plaintiff and find his mug shot and his incarceration information which impairs the reputation of Plaintiff and his livelihood.

81.     Defendants intentional infliction of physical pain by unnecessarily handcuffing Plaintiff with the maximum amount of tightness caused Plaintiff extreme bodily harm, despite Plaintiffs continued pleas for relief.

82.     The intentional incarceration and the policies, customs and procedures of the  BREVARD COUNTY SHERIFF'S OFFICE employees Sheriff WAYNE IVEY and Sheriff Deputy BRADLEY

18

HACKETT demonstrates willful, extreme and outrageous conduct with the intent to cause severe emotional stress.

83. The actions taken by the Defendants on January 28, 2023 for the alleged deprivations are beyond atrocious and utterly intolerable to any civilized community and meant to cause extreme emotional stress, and they were overwhelmingly successful.

84. As a direct result of these actions Plaintiff has suffered anxiety, depression, sleep disorders, mental and emotional anguish, personal humiliation, bodily pain and injury and an impairment of reputation that further increases the anguish that Plaintiff suffers then, now and beyond.

85. The incarceration of Plaintiff into a jail that houses criminals, was unsanitary and the fact that Plaintiff had to wear a prison uniform that smelled like some other persons urine for 27 hours is unconscionable causing great emotional distress to Plaintiff.

*"The Florida Supreme Court recognizes the tort of intentional infliction of emotional distress As set forth in Reinstatement (second) Of torts §46 (1965).*

*"a claim for intentional infliction of emotional distress requires that a defendant by extreme and outrageous conduct intentionally or recklessly caused severe emotional distress to another." "Outrageous conduct is conduct that is so outrageous in character, and so extreme in degree as to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized community." Metropolitan Life Ins. Co. vs. McCarson, 467 So. 2d. 277 Fla. Supreme Crt. (1985)*

**WHEREFORE,** Plaintiff demands judgement against Defendants BRADLEY HACKETT, the BREVARD COUNTY SHERIFF'S OFFICE and The COUNTY OF BREVARD, Florida for actual damages, compensatory damages, punitive damages, a reasonable attorneys fee, the cost of this action, and all just and proper relief.

## COUNTY OF BREVARD, FLORIDA'S LIABILITY UNDER MONELL

86. The Defendant COUNTY OF BREVARD, Florida has a policy, practice and procedure of having its various agencies and municipalities misapplying the motor vehicle code against men

and women who use the public's highways as a matter of right, all for the generation of revenue.

87.     Defendants COUNTY OF BREVARD, Florida has a policy, practice, procedure, custom or usage of misapplying motor vehicle code against citizens who are not engaged in the regulated activity of hauling persons or freight for compensation.

88.     Under Florida Statute Title XXIII Motor Vehicle 316.640 Enforcement (5)(a) Sheriff's department or municipal police departments may employ traffic infraction enforcement officers who must complete instruction in traffic enforcement procedures and court presentation.

89.     All municipal police and sheriff deputies enforce traffic infractions, while not all are employed by their departments to enforce traffic infractions pursuant to Florida Statute.

90.     The failure of COUNTY OF BREVARD, Florida to properly train its agencies and employees and to institute a proper training program in which employees are instructed in the proper application of the motor vehicle code and the rights based usage of the roads and the privilege based usage of the roads is the direct causation of this matter.

91.     The failure of COUNTY OF BREVARD, Florida to require its subordinate agencies to properly apply the motor vehicle laws within its county is not only a deprivation of the Plaintiffs rights but also a deprivation of the rights of all citizens.

92.     The failure of COUNTY BREVARD, Florida to follow the written law so that the COUNTY OF BREVARD, Florida can generate revenue for its functions is akin to a RICO violation.

93.     Plaintiff will prove that revenue from traffic infractions are deposited into the state treasury and then later distributed to the various counties and its agencies, creating a blatant conflict of interest.

> *The right of a citizen to travel upon the public highways and to transport his property thereon in the ordinary course of life and business is a common right to enjoy life and liberty, to acquire and possess property, and to pursue happiness and safety. It includes the right in so doing to use the ordinary and usual conveyances of the day. This right is not a mere privilege which a city may permit or prohibit at will.* **Thompson v. Smith,** 155 Va. 367, 154 S. E. 579,584 (1930).
>
> *The right to travel is a well-established common right that does not owe its existence to the federal government. It is recognized by the courts as a natural right. Undoubtedly the **right of locomotion**, the right to move from one place to another according to inclination, is an attribute*

20

*of personal liberty, and the right, ordinarily, of free transit from or through the territory of any state is a right secured by the 14th Amendment and by other provisions of the constitution. Schactman v. Dulles 96 App DC 287, 225 F2d 938, at 941*

94.     The incompetence and lack of training of the police across America can easily be witnessed by a simple social media search and through record request to the various Brevard County enforcement agencies.

> **WHEREFORE,** Plaintiff demands judgement against the COUNTY OF BREVARD, Florida, jointly and severally for actual damages, punitive damages, a reasonable attorney's fee, the cost of this action and all other just and proper relief.

## **QUALIFIED IMMUNITY DOES NOT APPLY**

95.     Defendant HACKETT was not acting within the scope of his job description.

96.     Defendant HACKETT did not follow the directive outlined in Florida Statute 322.15(2)

97.     Qualified Immunity would only apply when a public servant is operating within the scope of the law.

> *The defense of Qualified Immunity has two aspects. An officer or employee not acting in good faith can be held liable, but even when there is good faith, he is liable only if his action was unreasonable or if he should have known that it was illegal. Procunier v. Navarette, 434 US 555 Supreme Court 1978.*

98.     Defendant Hackett's failure to follow the law that he is enforcing disqualifies him from qualified immunity.

> *Qualified immunity is not available if an officer knew or reasonably should have known that the action he took within his sphere of official responsibility would violate the constitutional rights of the [individual], or if he took the action with the malicious intention to cause a deprivation of constitutional rights or other injury. Wood v. Strickland, 420 US 308 Supreme Court 1975*

99.     Plaintiff, who has no criminal record and was acting in a calm collected and respectful manner was detained, arrested and incarcerated for having a headlight out and no license in his possession.

100.    Defendant HACKETT has no authority to determine probable cause. Defendant Hackett can only present facts to a magistrate who would then determine if probable cause exists. HACKETT has produced zero facts or information that would support probable cause.

101.    Traffic infractions are not crimes.

102.    Non-violent resisting arrest is not probable cause despite what public servants believe. An arrestable offense would be the prerequisite to a non- violent resisting arrest.

103.    Officer Hacket has made false statements in his report as to Plaintiff,  that Plaintiff resisted his investigation. Video evidence will show that Defendant Hackett's statement are false and misleading.

104.    In HACKETT'S report he states that he performed his query into the Plaintiff and found no record in FCIC/NCIC but failed to show how that the query that "produced no information" would then justify Defendant Hackett's actions in detaining, arresting and incarceration of the Plaintiff.

> Qualified Immunity protects all but the plainly incompetent or those who knowingly violate the law. **Malley v. Briggs,** 475 US 335 Supreme Court 1986

105.    Under Florida Statute § 322.03(1) states as follows:  Except as otherwise authorized in this chapter, a person may not drive any motor vehicle upon the highways in this state unless such person has a valid driver license issued under this chapter. However, the entire statute is dedicated to commercial operation of motor vehicles and provides no provision for the arrest and incarceration of a citizen that has not produced a drivers license.

## COMPLIANCE WITH FLORIDA STATUTE § 768.28(6)(a) NOT APPLICABLE

106.    Florida Statute § 768.28(6)(a) does not apply to § 1983 cause of action.

## YOUNGER ABSTENTION DOCTRINE IRRELEVANT

107.   The so-called state criminal case is a quasi- criminal action where charges are brought against members or persons of the corporation.

108.    The Quasi-Court has not provided any documentation in the form of contract: employment, service or performance contract that create a nexus that would grant the quasi court with subject matter jurisdiction over the Plaintiff.

109.    In Defense Councils first 12( b)(6) motion to dismiss the original filed complaint, he provides computer generated documentation, that could be construed as hearsay, and in the entire twenty pages provides no document showing proper service of process or even a single summons that was issued to the Plaintiff which would grant the quasi court with personal jurisdiction over the Plaintiff.

110.   Plaintiff cannot read minds, proper service would be an absolute necessity.

> Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served. *Pardazi v. Cullman Medical Center,* 896 F. 2d 1313 Court of appeals 11th Circuit 1990
>
> Generally where service of process is insufficient,[a] court has no power to render judgement and the judgement is void. *In re World Web Systems, Inc,.* 328 F. 3d 1291 Court of Appeals 11th Circuit 2003.

111.    Defense counsel provided no documentation of a primary pleading that would inform the Plaintiff of the nature and cause of the accusation so that Plaintiff could form a reasonable response or defense.

112.   A so- called information was filed without any fact elements that would support probable cause to make an arrest.

113.   In Defendant HACKETT's report there are no fact elements to substantiate a crime that would warrant an arrest.

114.   Defendant Hackett has provided no evidence that Plaintiff was operating a motor vehicle under the regulated activity of hauling persons of freight for compensation making this would be case just another violation of Plaintiff's inalienable rights under the First, Fourth, Fifth and Fourteenth Amendments.

115.   If Defendant Hackett had followed the law as it is described in the Florida Statutes specifically 322.15(2) this federal case would not exist.

116.    The quasi court lacks personal and subject matter jurisdiction.  Jurisdiction can be raised at any time in any court.

> The law requires proof of jurisdiction to appear on the record of the administrative agency and all administrative proceedings. **Hagans v. Lavine,** 415 US 533

> Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is the power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the case. **Steel Co. v. Citizens for Better Environment,** 523 US 83 Supreme Court 1998

117.    This case has commenced due to the misconduct and deprivation of the inalienable rights of the Plaintiff. The law is plainly and unambiguously defined in the Florida Statutes.

118.     Defendant has no legal duty to resolve a so called "criminal" matter where no primary pleadings have been filed to commence a criminal action according to the rules of procedure, service of process is non-existent, the court is without the threshold requirement of jurisdiction, Mens Rea has not been established nor the elements of any crime.

> Mens Rea statutorily require in order to convict a particular defendant of a particular crime, prosecutor must prove defendant committed the offense with a culpable state of mind. **Staples v. United States,** 511 US 600 (1994)

119.    The facts of this case are: Plaintiff pulled into a driveway eliminating any presumed detriment to society. Deputy Hackett blocked the driveway and informed Plaintiff of a faulty headlamp. Plaintiff had no identification. Plaintiff provided the deputy with his correct name and birth date. Deputy's query turned up no warrant or criminal history about Plaintiff. Florida Statutes provide the procedure for this type of interaction which was not followed by deputy Hackett. Plaintiff was not engaged in any type of crime. Plaintiff was merely exercising his right to life, liberty, property and his right to locomotion. When deputy Hackett's fishing expedition turned up nothing to support an arrest Hackett made the decision to subvert the prescribed lawful procedure and violate the Plaintiffs rights.

## CONCLUSION

120.   Defendant HACKETT's detention, arrest and incarceration without probable cause or a verifiable arrest warrant has deprived Plaintiff his Constitutional Rights, Fourth, Fifth, Sixth and Fourteenth Amendment.

> *"a claim for false arrest based on the absence of probable cause leaves no room to infer*
> *The existence of a discretionary function because a police officer does not have the*
> *discretionary authority to arrest a citizen without probable cause.  See Lester , 603 So. 2d at 19*

121.   Defendant HACKETT acted with an intentional and wanton disregard of Plaintiffs Constitutional Rights through his Color of Law action.

> *" In Florida, the tort of false arrest is defined as the unlawful restraint of a person against his will,*
> *the gist of which action is the unlawful detention of the Plaintiff and the deprivation of his*
> *liberty." Escambia City Sch. Bd. Vs. Bragg, 689 50, 2d. 571, 572 (Fla. 1st DCA 1996)*

> *"Acting under color of law is defined as misuse of power, possessed by virtue of State Law and*
> *made possible only because the wrongdoer is clothed with the authority of State Law."*
> *Monroe vs. Pape, 365 U.S. 167  Supreme Crt. (1961)*

122.   Defendant Hackett while acting under color of law, has resulted in a deprivation of Plaintiffs State and Federal Constitutional Rights.

> *"Substantive Due Process bars certain government actions regardless of the fairness of the*
> *procedure used to implement them." Daniels v Williams, 474 U.S. 327 Supreme Crt. (1986)*

123.   The BREVARD COUNTY SHERIFFS OFFICE Chief Supervisor namely WAYNE IVEY has a fiduciary duty to all United States citizens, to supervise and properly train its law enforcement officers to follow the Constitutions and laws.

> *Under Florida law, there is no sovereign immunity for false arrest."  Lester vs. City of Tavares,*
> *603 So. 2d. 18, 19 (Fla. 5th DCA 1992)*

> *"Qualified immunity protects all but the plainly incompetent or these who knowingly violate the*
> *law." Malley vs. Biggs, 475 U.S. 335 Supreme Crt. (1986)*

124.   COUNTY OF BREVARD, Florida, through its policies, practices and customs, is the proximate cause of the deprivation of Plaintiff's Rights.

*"A police officer is invested with discretion to decide whether to arrest, or not to arrest, a person who is properly the subject of an arrest; thus for discretionary immunity to attach, the governmental agency must possess the requisite legal authority to the act."*
**Lester vs. City of Tavares, 603 So. 2d. 18,19 & n. 4 (Fla. 5ᵗʰ DCA 1992)**

*"However, if an officer commits an intentional act within the scope of employment, the employing agency may be liable."* **Hennegan vs. Highway Safety, 467 So. 2d. 748 Fla. DCA 1ˢᵗ Dist. 1.**

125.   COUNTY OF BREVARD, Florida, a political subdivision of the State of Florida, is responsible for its agency's actions.

*"The Florida Supreme Court has repeatedly held "that liability may exist when the act of the government or its agents is not discretionary, but operational in nature."* **Avallone vs. Bd. Of County Com'rs Citrus Cty,. 493 So. 2d. 1002 Fla. Supreme Crt. (1986)**

*"—municipal corporations mat be held liable for torts of police officers under respondeat superior doctrine."* **Hargrove vs. Town of Cocoa Beach, 96 So. 2d 130 Fla. Supreme Crt. (1957)**

126.   COUNTY OF BREVARD, Florida's failure to properly train and supervise its agencies and their employees is the proximate cause of the deprivation of Plaintiff's Fourth, Fifth, Sixth and Fourteenth Amendment Right secured by The United States Constitution the Florida State Constitution and the laws of Florida.

**WHEREFORE,** Plaintiff demands judgment against Defendants BRADLEY HACKETT, WAYNE IVEY of the BREVARD COUNTY SHERIFF'S OFFICE and the COUNTY OF BREVARD, Florida for actual damages, punitive damages, a reasonable attorneys fee, the cost of this action and all other just and proper relief.

### **RELIEF SOUGHT**

**WHEREFORE,** Plaintiff demands judgement against all Defendants and relief as stated below:

### Actual Damages

127.   $120,750.00 for loss of business, wages, travel fees and preparation for this suit.

### Compensatory Damages

128.   Defendant COUNTY OF BREVARD's improper training of Defendants BREVARD COUNTY SHERIFF'S OFFICE and employee BRADLEY HACKETT caused Plaintiff's constitutional deprivations.

129.   The policy, practice and customs, of Defendants COUNTY OF BREVARD, BRADLEY HACKETT and WAYNE IVEY of the BREVARD COUNTY SHERIFF'S OFFICE by arresting and imprisoning Plaintiff without probable cause, verifiable warrant or lawful justification, violates the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution therefore depriving Plaintiff of life, liberty and property.

130.   Wherefore Defendants conduct is actionable under 42 U.S.C. § 1983 for compensatory damage in the COUNTY OF BREVARD as a political subdivision of the STATE OF FLORIDA, in their capacity of employer, for the individual capacity of Defendant BRADLEY HACKETT, and WAYNE IVEY of the BREVARD COUNTY SHERIFF"S OFFICE for their failure to follow the law, wherefore Plaintiff requests threefold damages in accordance with the civil remedies afforded to victims under 18 U.S.C. § 2333 as pleaded in this complaint under 18 U.S.C. § 2331, any applicable statutory damages or penalties, compensation for any fees and costs of this suit, and any other relief found just and reasonable by this court.

131.   Defendants COUNTY OF BREVARD, Florida, WAYNE IVEY, BREVARD COUNTY SHERIFF and BRADLEY HACKETT BREVARD COUNTY Sheriff Deputy's intentional infliction of mental and emotional distress, impairment of reputation, personal humiliation, bodily harm, disruption of sleep, and deprivation of Plaintiff's fundamental constitutional rights, through the negligence of their job description, and are the direct cause of Plaintiffs constitutional deprivations and intentional inflictions.

132.     Wherefore, As decided in *Trezevant v City of Tampa* **241 F.2d 336** in the year 1979.  Mr. Trezevant was awarded $25,000.00 for 48 minutes, which equates to $520.83 per minute of detention in a holding cell in the year 1979. Plaintiff, who has no criminal record and committed no crime was detained, arrested, and incarcerated for 27 hours in the BREVARD COUNTY JAIL and made to wear a prison uniform recking of urine, housed with actual criminals endangering Plaintiff's life and subjecting him to extreme mental and emotional cruelty for having a head lamp out and after the  vehicle was parked in a driveway. The current year, 2023, with inflation according to the Bureau of Labor Statistics would bring the monetary award of $502.83 per minute awarded to Mr. Trezevant, who suffered far less inflictions than Plaintiff, to $2,281.40 per minute. Plaintiff was detained and incarcerated for approximately 27 hours totaling 1620 minutes at $2,281.40 per minute, for total damages of $ 3,695,868.00

133.    Plaintiff demands equal justice under the law which would also include equal compensation for damages as set by the courts in *Trezevant v City of Tampa*

134.    A reasonable attorneys fee, pursuant to 42 U.S.C. § 1988

135.    The costs and fees associated with this suit,

136.    And all other just and proper relief.

> *"The addition to damages based on monetary loss or physical pain and suffering…a § 1983 Plaintiff also may be awarded compensatory damages based on demonstrated mental and emotional stress, impairment of reputation, and personal humiliation."*
> *Slicker v Jackson, 215 F.3d 1225,1231 (11Th Cir. 2000)*

### Punitive Damages

137.    The intentional actions of Defendant HACKETT represent a blatant disregard for established laws and constitutional rights of the Plaintiff.

138.    The actions of the individual Defendant Hackett, acting as state actor for Defendant BREVARD COUNTY SHERIFF'S OFFICE under the authority of COUNTY OF BREVARD, are the direct causation to which Plaintiff has sustained severe mental and emotional distress, sleep disorders, personal humiliation, an impairment of reputation, bodily harm and depressions.

139.   Defendants COUNTY OF BREVARD, BREVARD COUNTY SHERIFF'S OFFICE and BRADLEY HACKETT's intentional infliction of mental and emotional distress, impairment of reputation, personal humiliation and deprivation of Plaintiffs fundamental constitutional rights, through the negligence of their job description puts Plaintiff, in grave danger and are the direct cause of Plaintiff's constitutional deprivations as stated herein.

140.   Defendant HACKETT'S unlawful actions and malicious conduct are done in a manner exhibiting an intentional wanton and willful disregard for Plaintiffs rights, safety, health and well-being.

> *'The court further held that punitive damages were appropriate in such a situation because [a] wrongful act without reasonable excuse is malicious within the legal meaning of the term."*
> *Meissman vs. K-Mart Corp., 396 So. 2d. 1164 Fla DCA 3rd Dist. (1981)*

141.   Wherefore, punitive damages pursuant to Fla. Stat. 768.73 (1)(a) 1.  Three times the amount of compensatory damages against the individual Defendant Hackett are actionable under 42 U.S.C. § 1983 for his respective conduct employed as deputy sheriff of BREVARD COUNTY SHERIFF'S OFFICE for a total of $11,087,604.00

### Damages Restated

1.  Actual damages            $120,750.00
2.  Compensatory Damages      $ 3,695,868.00
3.  Punitive damages          $ 11,087,604.00

        I, Donald Brennan Jr., being duly sworn, do state and affirm according to law that I have firsthand knowledge of the undisputed material facts and am competent to testify in these matters, and swear under penalty of perjury that these facts are true and correct. ( See U.S.C. 28, 1746 (1) ).

_____

Donald Brennan Jr.
52 Bowline Street
Beachwood, New Jersey 08722

dbjmascon@yahoo.com

**SWORN BEFORE ME,** the undersigned notary for the ~~State of Florida~~ State of New Jersey *DMB DBJ*, on this day personally appeared Donald Brennan Jr., who affixed his signature to the above complaint and has personal knowledge of the facts and matters therein, and that each and all facts and matters are true and correct and sworn to under penalties of perjury of the People of ~~Florida~~ and the United States of America.   *New Jersey DMB DBJ*

**STATE OF NEW JERSEY**            )

**COUNTY OF OCEAN**                   )

Sworn to and signed before me this __17__ day of May, 2024.

                                                                NOTARY PUBLIC

> DONNA MARIE BALICKI
> Notary Public
> State of New Jersey
> My Commission Expires May 31, 2027
> I.D.# 2421390

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of April, 2024, a copy of this amended complaint was mailed by U.S.P.S. to the United States District Court for the Middle District of Florida Orlando Division, and a true copy was mailed by U.S.P.S. regular mail to counsel for defendants. U.S. Mail to: Benjamin D. Baird, ESQ. Florida Bar No. 106272 Lakeview Office Park Suite 1010 1035 S. Semoran Boulevard Winter Park, Florida 32792

Donald Brennan Jr.
52 Bowline Street
Beachwood, New Jersey 08722
(732)674-3884
dbjmascon@yahoo.com